UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cv-00283-MOC
[3:00cr137]

| | |
|---|---|
| **JOSEPH BERNARD TATE,** | )<br>) |
| Petitioner, | )<br>) |
| | )  **MEMORANDUM OF DECISION**<br>)  **and ORDER** |
| Vs. | )<br>) |
| **UNITED STATES OF AMERICA,** | )<br>) |
| Respondent. | ) |

**THIS MATTER** is before the court on petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#1). After conducting an initial review, the court directed respondent to Answer or otherwise respond to the petition. In the interim, petitioner filed a pleading which the court treated as an amendment to such petition, even though it appeared upon initial review that such proposed amendment did not provide a cognizable basis for relief.

Within the time allowed, respondent filed its Response (#15) in which it waived the statute of limitations as to petitioner's time-barred <u>Simmons</u> claim as to Count Four of the petitioner's conviction, but declined to waive either the statute of limitations or plea waiver as to any other claims or counts. In accordance with Rules Governing Section 2255 Proceedings, the court allowed petitioner time to file his Reply (#18), which petitioner timely filed, and which the the court has fully considered.

**FINDINGS and CONCLUSIONS**

I.     **Background**

Petitioner was indicted on November 8, 2000, and charged with conspiracy to possess

1

with intent to distribute both powder and crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count One); two counts of using and carrying a firearm during and in relation to a crime of violence resulting in murder, in violation of 18 U.S.C. § 924(c) and (j)(1) (Counts Two and Three); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) (Count Four).

Ultimately, petitioner entered a plea of guilty to the drug-trafficking and felon-in-possession offenses as well as to one of the § 924(j)(1) firearm offenses, all pursuant to a written plea agreement filed under Federal Rule of Criminal Procedure 11(e)(1)(C) (2000).[1] In return, the government dismissed the other § 924(j)(1) charge. The plea agreement provided for a sentence of 480 months and included a waiver of petitioner's right to challenge his sentence in any post-conviction proceeding.

It is undisputed that the underlying North Carolina felony that served as the predicate to his Section 922(g)(1) charge was a state offense as to which petitioner received an eight to 10 month sentence. PSR at 10.

## II. Petitioner's Contentions

The court has considered petitioner's original motion, his earlier pleading that was deemed to be an amendment, and his reply in considering the contentions which petitioner has raised. Petitioner contends:

**First Contention:** Petitioner seeks to have the court vacate the conviction as to Count Four in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc) based on actual innocence.

**Second Contention:** Petitioner seeks to have the Section 851 enhanced penalty removed based on an allegation of actual innocence of the enhancement.

**Third Contention:** Petitioner seeks to have the cross-reference removed based on actual innocence based on USSG §2k2.1(c)(1), §3B1.3(a)(2), §3D1.1(d), and

---

1   Since the plea, such provision has been renumbered as Rule 11(c)(1)(C).

2

§1B1.3(a)(2), and §2D1.2(d).

**Fourth Contention:** Petitioner seeks a sentence reduction under <u>Alleyne v. United States</u>, ___ U.S.___, 133 S. Ct. 2151 (2013), arguing that he was sentenced based on facts which increased a mandatory minimum sentences, which he did not admit.

## II.   Discussion

### A.   Contention One: Simmons and Dismissal of Count Four

In his first contention, the petitioner contends that his conviction on Count Four should be vacated because he is actually innocent of the conviction. The respondent concurs in such argument, waives the statute of limitations as to such claim, and asks the court to vacate that count of conviction and the sentence thereupon imposed.

In <u>Simmons</u>, the Court of Appeals for the Fourth Circuit revisited and reconsidered its earlier holding that, in the context of applying an enhancement under the Armed Career Criminal Act, a conviction was for "a crime punishable by imprisonment exceeding one year if any defendant charged with that crime could receive a sentence of more than one year." <u>United States v. Harp</u>, 406 F.3d 242, 246 (4th Cir. 2005) (internal quotation and citation omitted). In light of the intervening decision of the Supreme Court in <u>Carachuri-Rosendo v. Holder</u>, 130 S. Ct. 2581 (2010), the appellate court in <u>Simmons</u> held that "'the conviction itself' must serve as our 'starting place.'" <u>Simmons</u> at 243. By examining the defendant's state-court record, the appellate court determined that it contained no findings exposing Simmons to the elevated state sentence necessary to trigger enhancement under the ACCA. <u>Id.</u>

In this case, it is undisputed that if petitioner timely filed his §2255 petition, which he did not do, or if the government waived the time bar, which it has as to such claim, <u>Simmons</u> would mandate that this court set aside his conviction on Count Four for possession of a firearm by a convicted felon as petitioner was not previously convicted of a crime that exposed him to

imprisonment exceeding one year. Finding Simmons applicable to Count Four and that the government has waived the Statute of Limitations and conceded the relief sought, the court will vacate petitioner's conviction on Count Four as well as the sentence thereupon imposed as to that count.

      **B.**     **Contention Two: Section 851 Enhancement**

In this contention, petitioner seeks removal of the §851 enhancement of his sentence on the remaining counts of conviction based on a contention that he is actually innocent of such enhancement. Review of the supplemental Presentence Report (#295) submitted in 2009 in light of Crack I review reveals that petitioner was sentenced based on a statutory penalty of 20 years to life, which was based on the filing by the government of a notice pursuant to 21 U.S.C. § 851. See Notice (#43). Review of such Notice reveals that such enhancement was based on a 1995 conviction in North Carolina for possession with intent to sell and deliver cocaine, which appears to be the same offense which formed the basis of petitioner's now set aside conviction under Count Four.

The court is keenly aware of a shift in prevailing thought about such contention. Initially, the government and the courts generally took the position that such a claim was barred as not stating a constitutional claim cognizable under §2255. It was thought that under United States v. Powell, ___ F.3d ___, No. 11-6152 (4th Cir. Aug. 20, 2012), that a § 841(b)(1)(a) enhancement was, despite a sentencing error under Simmons, a lawful sentence as such a sentence was within the unenhanced statutory maximum. More recently, courts have looked to Hicks v. Oklahoma, 447 U.S. 343, 346 (1980), wherein the Supreme Court held that depriving a sentencing court of discretion under an erroneously applied statutory minimum violates the Due Process Clause. Id. at 346 (recognizing a due process violation where an Oklahoma jury was

erroneously instructed that it had to impose a mandatory prison term in accordance with a statute that was declared unconstitutional). Further, in Townsend v. Burke, 334 U.S. 736 (1948), the Supreme Court held that it violates a criminal defendant's right to Due Process where a defendant is sentenced "on the basis of assumptions concerning his criminal record which were materially untrue." Id. at 741.

Unlike the claim as to Count Four, the respondent has not waived the Statute of Limitations bar as to this claim. Further, the respondent has invoked petitioner's plea waiver of any collateral attack as to such contention. While the court could have well dismissed this claim initially as time barred, Day v. McDonough, 547 U.S. 198, 209 (2006) and Eriline Co. S.A. v. Johnson, 440 F.3d 648, 655 (4th Cir. 2006), the court opted to not do so as it was aware that the government had in some -- but not all -- cases waived its affirmative defense of the §2255(f) Statute of Limitations bar.

The court has reviewed the history of petitioner's underlying criminal case and determined that Contention Two is, as respondent contends, both time barred and that he waived his right to assert such a claim in any post-conviction proceeding. Thus, this court is without jurisdiction to consider such claim and it will be dismissed as both time barred and waived.

### C. Contention Three: Cross-References

The court initially dismissed this claim without prejudice; however, liberally reading his amendment and Reply, it is conceivable that petitioner has restated or reasserted such claim. In his third contention, petitioner requests that the "cross-reference be removed also because he is innocent of that as well, [due] to the provisions of, USSG §2k2.1(c)(1), 3B1.3(a)(2), §3D1.1(d), and §1B1.3(a)(2), and §2D1.2(d)."

5

Even if such were a cognizable claim under Section 2255, it appears that such claim is barred. The respondent has not waived the bar of the Statute of Limitations or the plea waiver. Thus, this court is without jurisdiction to consider such claim and it will be dismissed as both time barred and waived.

### D. Contention Four: Alleyne Relief

Finally, petitioner seeks a sentence reduction under Alleyne v. United States, ___ U.S.___, 133 S. Ct. 2151 (2013), arguing that he was sentenced based on facts which increased a mandatory minimum sentences, which he did not admit, and were not found by a jury. As the court previously explained in its Order allowing the proposed amendment, the Alleyne Court held that facts which increase mandatory minimum sentences must be either admitted by defendant or submitted to the jury and established beyond a reasonable doubt. Id. at 2163. Unlike this case, which is on collateral review (and where a plea waiver prohibits petitioner from raising contention), the defendant in Alleyne raised his argument on direct review. Generally, sentencing factors under 18 U.S.C. § 3559(f) can be determined by the court applying a preponderance of the evidence standard. United States v. O'Brien, 130 S. Ct. 2169, 2175 (2010). At the time of sentencing of petitioner herein, sentencing factors were considered based on a preponderance of the evidence standard as then allowed under Harris v. United States, 536 U.S. 545, 568 (2002), which held that increasing mandatory minimums based on judicial fact finding does not violate the Sixth Amendment. Harris was later overruled in Alleyne, which held that an enhancement for brandishing is an element of the offense because it increases the mandatory minimum sentence. Alleyne, 133 S. Ct. at 2163. As an element of the offense, it must either be proved at trial or admitted to by defendant as part of the plea process. Id.

Inasmuch as Alleyne specifically overruled Harris, the Court of Appeals for the Seventh Circuit has found that Alleyne establishes a new rule of law. Simpson v. United States, 721 F.3d 875 (7th Cir. 2013). However, the Seventh Circuit went on to hold that Alleyne had not been made retroactively applicable to cases on collateral review by the Supreme Court. Id. (citing Dodd v. United States, 545 U.S. 353 (2005) (holding that the declaration of retroactivity must come from the Supreme Court)). Without such retroactivity, this court is prohibitedin the first instance from addressing such a claim for the first time inasmuch as

> [s]ection 2255 provides that a prisoner sentenced by a federal court may move to have that sentence vacated, set aside or corrected if he or she claims that the court, in sentencing him or her, violated the Constitution or the laws of the United States, improperly exercised jurisdiction, or sentenced him or her beyond the maximum time authorized by law.

Thai v. United States, 391 F.3d 491, 493 (2d Cir.2005). Generally, a new rule of law decided after a defendant's conviction becomes final cannot be applied to that defendant's case on collateral review. Teague v. Lane, 489 U.S. 288, 310 (1989) (holding that "[u]nless they fall within an exception to the general rule, new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced."). The exceptions to the general rule of non-retroactivity are, as follows: (1) new rules that "place an entire category of primary conduct beyond the reach of the criminal law, or new rules that prohibit imposition of a certain type of punishment for a class of defendants because of their status or offense"; or (2) "new watershed rules of criminal procedure that are necessary to the fundamental fairness of the criminal proceeding." Sawyer v. Smith, 497 U.S. 227, 241–42 (1990). As other courts have found:

> *Alleyne* does not fall within either exception. *Alleyne* did not place any individual conduct beyond the Government's power to punish, nor did it prohibit the imposition of any type of punishment. Nor does the rule in *Alleyne* qualify as a

7

watershed rule of criminal procedure. Furthermore, as explained by the Seventh Circuit:
> *Alleyne* is an extension of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The Justices have decided that other rules based on *Apprendi* do not apply retroactively on collateral review. *See Schriro v. Summerlin*, 542 U.S. 348 (2004). This implies that the Court will not declare *Alleyne* to be retroactive. *See also Curtis v. United States*, 294 F.3d 841 (7th Cir.2002) ( *Apprendi* itself is not retroactive).FN91

Echeverry v. United States, 2013 WL 5548801, *10 (S.D.N.Y. Oct. 8, 2013) (quoting Simpson v. United States, supra, at 876 (7th Cir.2013)). See also In re Payne, No. 13–5103, 2013 WL 5200425 at *1–2 (10th Cir. Sept.17, 2013) (holding that *Alleyne* is not retroactive); United States v. Little, No. 6:11–169, 2013 WL 5719080, at *2 (D.S.C. Oct.21, 2013) (noting that "*Alleyne* has not been held to be retroactive to cases on collateral review"); Liner v. United States, 2014 WL 266331, *1 (E.D.Va. Jan. 22, 2014) ("*Alleyne* is not retroactive and precludes Petitioner from seeking redress under 28 U.S.C. § 2255 because his conviction was final before the Supreme Court's decision").

Putting aside the inapplicability of Alleyne to petitioner's collateral claim, petitioner's claim is simply not justiciable by this court as the claim is barred by the Statute of Limitations as well as the plea waiver, neither of which the respondent has waived. Thus, this court is without jurisdiction to consider such claim and it will be dismissed as both time barred and waived.

**ORDER**

**IT IS, THEREFORE, ORDERED** that as to Contention One, petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#1), as amended, is **GRANTED,** but as to all other contentions, petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#1), as amended is **DENIED**.

8

**IT IS FURTHER ORDERED** that the conviction as to Count Four is **VACATED** and the sentence thereupon imposed as to such count is **SET ASIDE,** with all other counts of conviction and sentence(s) thereupon imposed remaining undisturbed.

This action is, otherwise, **DISMISSED**.

The Clerk of Court shall prepare a proposed Amended Judgment and submit such to chambers for review.

**DENIAL OF A CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this court declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller -El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484–85 (2000) (in order to satisfy § 2253(c) when court denies relief on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right). In this case, the procedural ruling concerning the time bar and plea waiver are not debatable.

Signed: January 30, 2014

Max O. Cogburn Jr.
United States District Judge

9