UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cv-00283-MOC

| | |
|---|---|
| **JOSEPH BERNARD TATE,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the court on petitioner's Motion for Relief from Judgment (#21). The "Judgment" from which petitioner appears to seeks relief is not the January 30, 2014, Judgment (#20) entered in this civil action, but the May 10, 2013, initial screening Order (#2) in which this court dismissed as frivolous his misapplication of a guidelines cross reference at sentencing. Reading such motion in a light most favorable to petitioner, the court has considered the motion to seek relief from the actual Judgment (#20).

In his original petition, petitioner asked that the "cross-reference be removed also because he is innocent of that as well, [due] to the provisions of, USSG §2K2.1(c)(1), 3B1.3(a)(2), §3D1.1(d), and §1B1.3(a)(2), and §2D1.2(d)." In conducting the initial screening, the court found such contention to be frivolous as sentencing errors not rising to the level of constitutional errors are not properly brought under Section 2255, citing <u>United States v. Mikalajunas</u>, 186 F.3d 490, 496 (4th Cir. 1999) (holding that "a misapplication of the guidelines typically does not constitute a miscarriage of justice."). The court further found that § 2255 "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct

appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Segler, 37 F.3d 1131, 1133 (5th Cir.1994) (quoting United States v. Vaughn, 955 F.2d 367, 368 (5th Cir.1992) (*per curiam*).

A. **Second/Successive Petition**

Finally, the court has considered whether this Rule 60(b) motion is a true Rule 60(b) motion or a successive petition. In distinguishing between the two, the Court of Appeals for the Fourth Circuit has held as follows:

> Our holding raises the question of how to distinguish a proper Rule 60(b) motion from a "successive [application] in 60(b)'s clothing." *Lazo v. United States,* 314 F.3d 571, 573 (11th Cir.2002) (per curiam). There may be no infallible test for making this distinction, but a relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. *See, e.g., Cooper,* 274 F.3d at 1274. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence. *See, e.g., Dunlap,* 301 F.3d at 876; *cf. Eberhardt v. Integrated Design & Constr., Inc.,* 167 F.3d 861, 870 (4th Cir.1999) ("Rule 60(b) does not authorize a motion merely for reconsideration of a legal issue." (internal quotation marks omitted)). By contrast, an example of a proper Rule 60(b) claim is an allegation that government agents perpetrated a fraud on the court during the collateral review proceedings. *See, e.g., Dunlap,* 301 F.3d at 875– 76; *cf. Dunn,* 302 F.3d at 492 & n. 1 (declining to apply limits on successive applications to Rule 60(b) motion based on counsel error that prevented applicant from perfecting appeal in § 2254 proceeding).

United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003)(footnote omitted). While petitioner's claim as to the enhancement was raised in the original petition, he has advanced new legal arguments (discussed in the alternative, infra) in support of reviving such dismissed contention. Inasmuch as petitioner now contends for the first time that use of a cross reference for murder is of constitutional magnitude, such new legal argument signifies to this court that

petitioner is continuing his collateral attack on his conviction or sentence. Applying Winestock, the court concludes that petitioner's Rule 60(b) motion is a second or successive petition, which is not cognizable before this court without petitioner first seeking and securing permission from the Court of Appeals for the Fourth Circuit. Such motion is, therefore, dismissed.

**B. Rule 60(b)**

In an abundance of caution, the court has also considered the substance of petitioner's motion under Rule 60(b), but only in the event it is determined by a reviewing court that such motion is not a second or successive petition. Petitioner argues that the court improperly applied a cross reference under §2D1.1(d)(1) for murder because he was never convicted of murder. He contends that he "should only be punished for his alleged involvement in a murder if the government proved to a jury and beyond a reasonable doubt, that he committed the murder." Motion (#21) at 2. Petitioner further contends that this court improperly dismissed such contention because a sentencing error in applying a §2D1.1(d)(1) cross reference for murder is so substantial as to constitute a "miscarriage of justice."

Petitioner cites the court to no authority for such newly advanced legal theories and the court's own research reveals no such case law. Indeed, petitioner misstates the burden for application of a cross reference, which is proof by a preponderance of the evidence. United States v. Davis, 679 F.3d 177, 182 (4th Cir. 2012) (citing United States v. Heater, 63 F.3d 311, 322 (4th Cir. 1995)). Thus, even if petitioner had properly advanced such new legal arguments under Rule 60(b), such arguments would be without merit and not entitle him to relief under any subsection of Rule 60(b).

**ORDER**

**IT IS, THEREFORE, ORDERED** that petitioner's Motion for Relief from Judgment (#21) is DENIED as a second or successive petition under Section 2255 and, in the alternative, as being substantively without merit if considered under Rule 60(b).

**Denial of Certificate**

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this court declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484–85 (2000) (in order to satisfy § 2253(c) when court denies relief on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

Signed: January 5, 2016

Max O. Cogburn Jr
United States District Judge